UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| SYBIL H. AARON, ET AL. | * | DOCKET NO. 06-2322 |
| VERSUS | * | JUDGE JAMES |
| DOLLAR GENERAL STORES | * | MAGISTRATE JUDGE HAYES |

### REPORT AND RECOMMENDATION

On October 19, 2007, the undersigned noted that defense counsel has been unable to contact plaintiffs' counsel to discuss discovery matters or the potential joinder of additional parties. (October 19, 2007, Order). Defense counsel further represented that plaintiffs' counsel had not complied with the requirements of the scheduling order including the need to disclose witnesses and to cooperate on discovery and case management issues. *Id*. Accordingly, the undersigned ordered plaintiffs' counsel to show cause why this matter should not be dismissed, or other sanction imposed, for repeated failure to comply with the orders of this court, and for failure to prosecute, in accordance with the provisions of FRCP Rules 37 and 41(b). *Id*.

On November 2, 2007, plaintiffs' counsel filed a response wherein he stated that he was closing his practice and referring his cases to other counsel. (*See*, doc. # 34). Counsel anticipated that the referral process would be completed by the week ending November 16, 2007. *Id*. Thus, the court afforded plaintiffs until November 19, 2007, to file a motion to substitute counsel. (November 5, 2007, Electronic Order). The order cautioned that if a motion to substitute counsel were not filed by that date, then dismissal would be recommended due to plaintiffs' failure to comply with court orders and/or to prosecute. *Id*. To date, plaintiffs have not filed a motion to substitute counsel or otherwise sought to extend the compliance deadline.

## LAW AND ANALYSIS

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "[f]or failure of the plaintiff to prosecute or to comply with ... any order of court..." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988).

In light of plaintiffs' repeated failure to comply with court orders or to prosecute this matter,

**IT IS RECOMMENDED** that plaintiffs' complaint be **DISMISSED WITHOUT PREJUDICE** in accordance with the provisions of FRCP Rule 41(b).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR,**

**FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in Chambers at Monroe, Louisiana, this 21st day of November, 2007.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE